UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MICHAEL D. PIRES, SR.,** *Plaintiff*, <br><br> v. <br><br> **COLLEEN GALLAGHER, et al.** *Defendants.* | No. 3:24-cv-1168 (SFR) |

**INITIAL REVIEW ORDER**

Plaintiff Michael Pires, Sr., proceeding *pro se*, is serving a sentence of imprisonment in the custody of the Department of Correction ("DOC") at Cheshire Correctional Institution ("Cheshire CI").[1] He filed this civil rights complaint under 42 U.S.C § 1983 for damages against defendants Colleen Gallagher, Acting Warden Oles, Acting Warden Perez, and RCOO Head Nurse Jennifer Sanchez. Compl., ECF No. 1.

After granting Pires' motion to proceed *in forma pauperis*,[2] the Court[3] issued an order to advise Pires that his original complaint appeared to be missing pages. *See* ECF No. 10. Accordingly, the Court instructed Pires to refile his complaint on or before September 27,

---

[1] I may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The DOC website shows that Pires has been serving a sentence since October 13, 2006.

[2] The Honorable Thomas O Farrish, United States Magistrate Judge, granted Pires' motion to proceed *in forma pauperis*.

[3] The Honorable Michael P. Shea, United States District Judge, presided over this action until it was transferred to me on January 6, 2024. ECF No. 23

1

2024. *Id.* The Court advised Pires that it would have difficulty determining if he was entitled to any relief if he failed to refile his complaint. *Id.*

In response to this Order, Pires filed two amended complaints. *See* Am. Compl., ECF No. 14; Am. Compl., ECF No. 15. On October 11, 2024, the Court entered the following Order:

> The Court has received two amended complaints, both of which were filed on October 8, 2024 . . . . *See* ECF Nos. 14, 15. One amended complaint names Colleen Gallagher, Oles, Perez, and Jennifer Sanchez as defendants (ECF No. 14), and the other amended complaint does not name any defendants in its case caption but refers to Gallagher, Oles, Perez and Sanchez in the body of the amended complaint (ECF No. 15). The Court cannot determine which amended complaint Plaintiff intends as the operative amended complaint.

Order, ECF No. 17. Accordingly, the Court instructed Pires to file "either: (1) a notice explaining which docket entry he intends to proceed with as his operative amended complaint, or (2) a final version of his amended complaint to be re-docketed as part of his motion seeking leave to amend." *Id.*

On November 8, 2024, Pires moved to file an amended complaint. Mot. to Am., ECF No. 19. The Court granted his motion to amend and instructed Pires to file his amended complaint on or before December 13, 2024. ECF No. 20. The Court explained: "If an amended complaint is not filed by that date, the Court will not consider any of his **prior** filed amended complaints but will consider the original complaint filed in this action to be the operative complaint." *Id.*

On December 2, 2024, Pires filed a motion to withdraw his motion to amend, stating that he wished to reclaim his original complaint. Mot. to Withdraw, ECF No. 21. The Court granted Pires' motion to withdraw and instructed Pires to "either (1) file a complete complaint or (2) file a notice confirming that his original complaint is complete as filed" on

2

or before December 20, 2024. ECF No. 22. Pires did not respond until July 9, 2025, when the Court received a notice from Pires titled "Notice Confirming Original Complaint." ECF No. 24. Although the notice contains various other statements, it appears from the notice that Pires intends to proceed on his original complaint. Accordingly, I review the original complaint—as filed—to determine whether it alleges any plausible claims for relief.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, I must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). I have thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. §1915A.

I. ALLEGATIONS

Pires complains that both Acting Warden Perez and Acting Warden Oles have not complied with the prison rules when they provided untimely responses to requests. Compl. 8.

Pires alleges that Head Nurse Sanchez issued an improper response that showed a lack of concern for safety and health. *Id.* at 4.

Pires claims that Colleen Gallagher did not respond to his daughter for fifteen days. *Id.* Gallagher called Pires' daughter on August 22, 2023, one day after his daughter left a message. *Id.* Gallagher indicated there was no concern about the toilet and did not think there was a health issue at stake. *Id.*

In November 2023, Pires' cellmate ("Finz") reported to Pires that Finz had Hepatitis C. *Id.* After Finz reported this condition to the medical unit, the medical unit offered to give Finz an injection and committed to send Finz to UConn for testing. *Id.* Pires asserts that Finz responded by asserting that he already had Hepatitis C. *Id.*

Pires alleges that at some unspecified time, Gallagher advised Pires' daughter that DOC always places incarcerated individuals with Hepatitis C in the general population, despite the fact that Hepatitis C is a contagious disease that can be spread by contact. *Id.* Pires states that by law, the prison is supposed to post "on the bill board" the incarcerated individuals who have Hepatitis C in the population. *Id.*

Pires claims that Acting Wardens Oles and Perez were aware that his cellmate had Hepatitis C, but they refused to separate Pires from the cellmate.

Pires claims that all four defendants acted with deliberate indifference to his health and safety.

Pires also makes a second claim for relief based on his assertion that he is wrongfully incarcerated. *Id.* at 7-8.

## II.    STANDARD OF REVIEW

Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability

4

requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In undertaking this analysis, the court must "draw all reasonable inferences in [a plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678.

With respect to *pro se* litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)). However, *pro se* litigants are still required to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.*, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original). A statement of claim that is not short and direct places "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Harden v. Doe*, No. 19-CV-

3839 (CM), 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks and citation omitted).

A plaintiff may not rely on exhibits in lieu of alleging facts in the complaint to state a claim against a defendant. *See Rahim v. Barsto*, No. 3:22-CV-619 (MPS), 2022 WL 2704102, at *5 (D. Conn. July 12, 2022) (citing Fed. R. Civ. P. 8 and noting that plaintiff could not rely on exhibits to state deliberate indifference claim); *see also Walker v. Pastoressa*, No. 22-cv-997 (HGL) (GD), 2022 WL 3716742, at *5 (E.D.N.Y. Aug. 29, 2022) (noting plaintiff may not rely on exhibits to satisfy Rule 8's requirement to provide a short and plain statement).

### III.    DISCUSSION

Section 1983 of Title 42 provides that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." "The common elements to all § 1983 claims are: '(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Lee v. City of Troy*, 520 F. Supp. 3d 191, 205 (N.D.N.Y. 2021) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

A plaintiff seeking monetary damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting *Moffitt v. Town of Brookfield*,

950 F.2d 880, 886 (2d Cir. 1991)). This is true with respect to supervisory officials as well. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (stating that a plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability" in order to hold a state official liable for damages under § 1983 and "it is not enough for [a plaintiff] to show that [a defendant] was negligent, or even grossly negligent, in her supervision of the correctional officers or in failing to act on the information she had").

As previously noted, I construe Pires' filing from July 9, 2025, ECF No. 24, to assert that his operative complaint is the original document that Pires filed on July 9, 2024, which contains several pages of handwritten notes and more than sixty pages of exhibits. *See* Compl., ECF No. 1. I will determine from these materials whether Pires has alleged any plausible claims against the named Defendants consistent with the Federal Rule of Civil Rule 8(a)(2)'s standard for "a short and plain statement of the claim showing the pleader is entitled to relief." In determining whether a complaint is facially plausible, I may consider "documents appended to the complaint or incorporated in the complaint by reference" *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016); *Rooks v. Santiago*, No. 3:20-cv-299 (MPS), 2021 WL 2206600, at *2 (D. Conn. June 1, 2021) (construing exhibits attached to complaint for purpose of determining whether plaintiff had stated a claim).

### A.    **Eighth Amendment Deliberate Indifference**

Pires asserts that Defendants all acted with deliberate indifference to his health and wellbeing.

To show a violation of Eighth Amendment rights for deliberate indifference to health or safety, a plaintiff must allege (1) that he was incarcerated under "conditions posing a

7

substantial risk of serious harm" and (2) the prison official putting him in those conditions was deliberately indifferent to his health or safety. *Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020). To meet this second prong, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The complaint appears to assert that Defendants violated the Eighth Amendment by housing him with a cellmate who claimed to have Hepatitis C. Compl. 4.[4] "[C]orrectional officials have an affirmative obligation to protect inmates from infectious disease." *Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996). Whether a particular danger poses a substantial risk of serious harm in a prison must be evaluated in light of the steps that the facility has already taken to mitigate the danger. *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (considering facility's smoking policy and changes to the prisoner's confinement in assessing risk of harm).

At least as currently formulated, Pires' complaint does not plausibly assert that any of the prison officials consciously ignored his risk of contracting Hepatitis C from his cellmate. Instead, the complaint relays how, after Pires' cellmate announced he had Hepatitis C, prison officials reacted by offering prompt treatment and testing. Compl. 4. Furthermore, the exhibits to Pires' complaint show that, in response to a letter from Pires, Acting Warden Oles wrote: "Please be advised, it has been confirmed that your cellmate is not positive, RCOO Sanchez has already written to you about this." *Id*. at 24. This response makes it highly

---

[4] Pires refers to concerns about a toilet. He has not, however, alleged sufficient facts about the condition of the toilet to suggest a constitutional violation under the Eighth Amendment.

implausible that Oles or any of the other defendants were subjectively aware that Pires was at risk of contracting Hepatitis C and acted with deliberate indifference to that risk.

Thus, even affording a liberal construction to the complaint and taking every inference in favor of Pires, I cannot construe from this pleading a plausible claim that prison officials actually believed Pires was at risk of serious harm. That is particularly so because Pires' complaint, which he states is the relevant filing, appears incomplete and, as currently presented, remains difficult to parse. I recognize, however, that the result might be different if Pires were to plead additional facts describing with particularity why he thinks prison officials had reason to believe Pires was at serious risk of harm but nonetheless declined to take action.

Accordingly, I will permit Pires to file an amended complaint to allege specific facts that support his claim of exposure to a serious risk to his health and wellbeing. To survive initial review, I remind Pires that his amended complaint must also allege facts to reflect how each defendant acted with deliberate indifference, *i.e.*, that he "personally knew and disregarded an excessive risk to [Plaintiff's] health or safety." *Tangreti*, 983 F.3d at 619.

### B. Violation of Prison Rules or Directives

Pires also appears to complain that Defendants Sanchez and Acting Warden Perez provided untimely responses under prison rules. Compl. 4. To the extent he asserts a claim that his constitutional rights were violated by any individual's failure to comply with DOC policies or Administrative Directives, such claims are not plausible. Any failure to comply with prison regulations or administrative directives does not, standing alone, constitute a basis for relief under Section 1983 because "violation of a prison regulation or policy does not establish that the official has violated the Constitution or is liable to a prisoner under 42

U.S.C. § 1983." *Fine v. UConn Med.*, No. 3:18-cv-530 (JAM), 2019 WL 236726, at *9 (D. Conn. Jan. 16, 2019) (citation omitted); *see also Garcia v. Dep't of Corr.*, No. 3:22-cv-1328 (SVN), 2023 WL 8114212, at *9 (D. Conn. Nov. 22, 2023) (holding that plaintiff could not state a claim arising from prison officials' alleged violation of an "Administrative Directive or other policy"). Accordingly, Pires' claim of constitutional violation arising from correctional staff's failures to comply with the DOC policies or Administrative Directives must be dismissed as not plausible.

### C. Wrongful Incarceration

Pires also seeks relief for his asserted claim of wrongful incarceration. Compl. 4, 8. "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of [section] 1983." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Supreme Court held that a Section 1983 action seeking money damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 487 (citation omitted). In *Wilkinson v. Dotson*, the Supreme Court clarified that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." 544 U.S. 74, 81–82 (2005) (emphasis in original).

Here, Pires brings a claim under 42 U.S.C. § 1983 that presents a challenge to the validity of his criminal conviction and confinement. Pires may seek relief for his asserted wrongful incarceration only under 28 U.S.C. § 2254 after he has fully exhausted his claims for habeas relief in the state courts. *See Pires v. Walker*, No. 3:18-cv-1726 (SVN), 2022 WL 168784, at *5 (D. Conn. Jan. 18, 2022) (granting respondent's motion to dismiss Pires' petition under section 2254 for non-exhaustion of his state court remedies).

Accordingly, Pires' claim for relief arising from his alleged wrongful incarceration must be dismissed under the doctrine articulated in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

## ORDER

For the foregoing reasons, Pires' Complaint is DISMISSED without prejudice.

If Pires wishes to correct the deficiencies of his Eighth Amendment claims of deliberate indifference by Defendants, he may do so by filing an amended complaint. The Clerk is respectfully directed to send to Pires the form approved in this District for the filing of an amended complaint by an incarcerated plaintiff.

The amended complaint must: (1) contain a case caption that names each defendant against whom Pires asserts claims and (2) state facts in the body of the proposed amended complaint describing how each individual defendant acted to violate Pires' rights. In particular, Pires' amended complaint must describe how each defendant acted with deliberate indifference to the risk that Pires would contract Hepatitis C from his cellmate. I remind Pires that I will review only the amended complaint, not any other materials that have already been filed in this or other cases. Therefore, any fact that Pires wants me to consider must be stated within the amended complaint.

Pires shall file his amended complaint on or before **September 2, 2025**. If Pires is unable to meet that deadline, he may submit a motion for extension of time. If Pires does not file an amended complaint by this deadline, I will dismiss and close the case.

New Haven, Connecticut
July 21, 2025

/s/Sarah F. Russell
SARAH F. RUSSELL
United States District Judge